OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by directing entry of judg *897 ment in favor of plaintiff against defendant Art Schmitt, doing business as Dobart Lighting Company in the sum of $1,253.88, together with interest, costs and disbursements, and as so modified, affirmed without costs.
Plaintiff, an operator of underground facilities, brought this action to recover the cost of repairing certain pipes damaged during excavation. The excavator claimed he had given what was referred to as a "Code 53” notice prior to excavation, but plaintiff indicated it was not a member of "Code 53”. The court below rendered judgment in favor of defendants since plaintiff had failed to prove the establishment of a central registry in the Town of Mamaroneck and plaintiff filing as an operator in the registry.
In our opinion the judgment must be modified by directing entry of judgment in favor of plaintiff against the excavator. The local governing body of every town, city outside the City of New York, or county within the City of New York is required to establish a central registry of operators having underground facilities within their respective geographical jurisdiction (General Business Law § 761 [1]). An excavator may not engage in excavation until he has given notice to operators who maintain underground facilities (General Business Law § 761 [2]) and if, as a result of a violation of the provisions of the article by an excavator, an operator is required to repair an underground facility, the excavator is liable to the operator for the reasonable costs so incurred (General Business Law § 764 [7]).
Although an excavator is not liable for the cost of repairs where the damages are due to the failure of the operator to comply with any of the provisions of the article (General Business Law § 764 [2]), it is evident that the excavator failed to contact the central registry, as he was required to do (12 NYCRR 53-3.2), but instead called a voluntary notification system. Such a system may be set up in addition to a central registry (12 NYCRR 53-5.1) by any number of interested persons such as operators, excavators and governmental units (12 NYCRR 53-5.3), the purpose of which is to provide notice to all members of construction in a specified area (General Business Law § 760 [8]). However, it does not serve to provide the names of all operators having underground facilities and does not excuse the failure to call the central registry to determine the identities of all operators having underground facilities. It is therefore evident that the damage to the underground facilities was occasioned by the excavator’s fail *898 ure to comply with the statute and regulations and that he is liable for the damages sustained. However, inasmuch as the statute only imposes liability on the excavator, the dismissal of the complaint as to Hory Chevrolet, Inc., should not be disturbed.
Stark, J. P., Collins and Ingrassia, JJ., concur.